IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

BOBBY DWAYNE BRUNSON,

    Petitioner,

v.                             Civil Action No. 3:18CV201

ERIC WILSON,

    Respondent.

**MEMORANDUM OPINION**

Bobby Dwayne Brunson, a federal inmate proceeding pro se, filed this MOTION UNDER 28 U.S.C. § 2241. ("§ 2241 Petition," ECF No. 1.) The Government filed a RESPONSE TO § 2241 PETITION TO VACATE SENTENCE. ("Response in Opposition," ECF No. 6.) Thereafter, Brunson filed a REPLY IN OPPOSITION TO RESPONDENT'S RESPONSE TO HIS PETITION UNDER 28 U.S.C. § 2241. ("Reply," ECF No. 7.) For the reasons set forth below, the § 2241 Petition will be dismissed without prejudice for want of jurisdiction.

**I. PROCEDURAL HISTORY AND CLAIMS**

On October 19, 2012, Brunson pled guilty to one count of "possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1)" in this Court. United States v. Brunson, No. 3:13CR113, 2017 WL 600088, at *1 (E.D. Va. Feb. 14, 2017) (citations omitted). "Prior to sentencing, a Probation Officer determined that Brunson 'qualif[ied] for the Armed Career Criminal enhancement, pursuant to [United States Sentencing Guideline] § 4B1.4(a) as a result of his three prior serious drug offenses

committed on occasions different from one another.'" Id. (alteration in original) (citation omitted). Specifically, Brunson was previously "convicted of Distribution of Cocaine as well as two separate charges of Possession of Cocaine with Intent to Distribute." Id. (citation omitted). On March 12, 2013, the Court sentenced Brunson to 180 months of imprisonment. Id. (citation omitted). Brunson did not file an appeal. See id.

"On or about January 15, 2016," Brunson filed a motion pursuant to 28 U.S.C. § 2255 ("§ 2255 Motion) in this Court, in which he asserted that he was "entitled to relief pursuant to United States v. Vann, 660 F.3d 771 (4th Cir. 2011), because his November 16, 2007 Alford[1] plea to the charge of Possession of Cocaine with Intent to Distribute no longer qualifie[d] as a predicate offense under the Armed Career Criminal Act [("ACCA")]." Id. (citation omitted). "Brunson also vaguely assert[ed] that he [was] entitled to relief under Johnson v. United States, 135 S. Ct. 2551 (2015)." Id. (citation omitted). On February 14, 2017, the Court denied Brunson's § 2255 Motion as untimely. See id. at *3.

Thereafter, Brunson filed a reconsideration motion seeking relief under Federal Rule of Civil Procedure 59(e) ("Rule 59(e) Motion"). See United States v. Brunson, No. 3:12CR113, 2017 WL 1250996, at *1 (E.D. Va. Apr. 3, 2017) (citation omitted). In his

---

[1] North Carolina v. Alford, 400 U.S. 25 (1970).

2

Rule 59(e) Motion, Brunson argued that "the Supreme Court's decision in Mathis v. United States, 136 S. Ct. 2243 (2016), warrant[ed] reconsideration of the denial of his § 2255 Motion." Id. (citation omitted). Specifically, Brunson argued that "Mathis 'completely invalidate[d] [his] [ACCA] statutory sentence because the most innocent conduct under the Virginia Drug Act statute—under which [his] predicate convictions fall—do not rise to the level of constituting a federal controlled substance offense.'" Id. (second and fourth alterations in original) (citation omitted).

The Court construed "Brunson's 59(e) Motion to assert that he [was] entitled to belated commencement of the limitation period for his § 2255 Motion based upon Mathis." Id. at *2. The Court denied Brunson's Rule 59(e) Motion, concluding that he was not entitled to a belated commencement of the limitations period for his § 2255 Motion because Mathis "is not a new right that triggers the belated commencement provision of 28 U.S.C. § 2255(f)(3)." Id. (citations omitted). The Court also concluded that "[e]ven if the decision in Mathis were retroactively applicable to cases on collateral review, it would provide no relief to Brunson" because he "was not sentenced under the violent felony provision of the ACCA, [and, therefore,] Mathis does not apply." Id. (citation omitted).

3

In his § 2241 Petition, Brunson challenges his sentence and argues that <u>Mathis</u> invalidates his "increased statutory sentence." (§ 2241 Pet. 10.) Brunson raises the following claims for relief:[2]

Claim One: "[Brunson's] increased statutory sentence is based on non-qualifying 'serious drug offenses' subsequently invalidated by the Supreme Court's decision in <u>Mathis</u>." (<u>Id.</u>)

Claim Two: "[Brunson's] above-proper statutory maximum sentence is prohibited by law, a violation of due process, and represents a fundamental miscarriage of justice." (<u>Id.</u> at 13.)

More specifically, Brunson argues that his career offender sentence is improper because his prior "drug offenses in the State of Virginia under VA Code § 18.2-248" are no longer valid "serious drug offenses" under 18 U.S.C. § 924(e)(2)(A)(ii). (<u>Id.</u> at 10.) In essence, Brunson contends that Va. Code Ann. § 18.2-248 is an indivisible statute, defining one crime, and thus, requires the categorical approach delineated in <u>Mathis</u>. (<u>Id.</u> at 10-13.)

After filing the present § 2241 Petition, Brunson filed a MOTION FOR LEAVE TO FILE SUPPLEMENT IN LIGHT OF NEW CIRCUIT PRECEDENT (FED. R. CIV. P. 15). ("Motion to File Supplement," ECF No. 8.) By Memorandum Order entered on August 30, 2019, the Court granted Brunson's Motion to File Supplement, and indicated that

---

[2] The Court employs the pagination assigned to the parties' submissions by the CM/ECF docketing system. The Court corrects the capitalization, punctuation, and spelling in the quotations from Brunson's submissions. The Court omits the emphasis in the quotations from Brunson's submissions.

4

"the Court [would] consider the cases cited in [Brunson's] Motion" in the Court's analysis of his § 2241 Petition. (ECF No. 9, at 1.)

As discussed below, Brunson fails to demonstrate that he may use § 2241 to obtain relief.

## II. MOTIONS UNDER 28 U.S.C. § 2255 COMPARED TO PETITIONS UNDER 28 U.S.C. § 2241

A motion pursuant to 28 U.S.C. § 2255 "provides the primary means of collateral attack" on the imposition of a federal conviction and sentence, and such motion must be filed with the sentencing court. See Pack v. Yusuff, 218 F.3d 448, 451 (5th Cir. 2000) (quoting Cox v. Warden, Fed. Det. Ctr., 911 F.2d 1111, 1113 (5th Cir. 1990)). A federal inmate may not proceed under 28 U.S.C. § 2241 unless he or she demonstrates that the remedy afforded by 28 U.S.C. § 2255 "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e).[3] "For example, attacks on the execution of a sentence are properly raised in a § 2241 petition." In re Vial, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997) (citing Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996); Hanahan v. Luther, 693 F.2d 629, 632 n.1 (7th Cir. 1982)). Nevertheless, the United States Court of Appeals for the Fourth Circuit has emphasized that "the remedy afforded by § 2255 is not

---

[3] "This 'inadequate and ineffective' exception is known as the 'savings clause' to [the] limitations imposed by § 2255." Wilson v. Wilson, No. 1:11cv645 (TSE/TCB), 2012 WL 1245671, at *3 (E.D. Va. Apr. 12, 2012) (quoting In re Jones, 226 F.3d 328, 333 (4th Cir. 2000)).

5

rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision or because an individual is procedurally barred from filing a § 2255 motion." Id. (citations omitted).[4]

The Fourth Circuit has stressed that an inmate may proceed under § 2241 to challenge his or her conviction "in only very limited circumstances." United States v. Poole, 531 F.3d 263, 269 (4th Cir. 2008) (citation omitted) (internal quotation marks omitted). The Fourth Circuit recently expanded the longstanding "controlling test," id., as follows:

> [W]e conclude that § 2255 is inadequate and ineffective to test the legality of a sentence when: (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

---

[4] Brunson cannot avoid the bar on filing successive 28 U.S.C. § 2255 motions by suggesting he is filing a petition for a writ of habeas corpus under 28 U.S.C. § 2241. "Call it a motion for a new trial, arrest of judgment, mandamus, prohibition, coram nobis, coram vobis, audit querela . . . , the name makes no difference. It is substance that controls." Melton v. United States, 359 F.3d 855, 857 (7th Cir. 2004) (citing Thurman v. Gramley, 97 F.3d 185, 186-87 (7th Cir. 1996)).

6

United States v. Wheeler, 886 F.3d 415, 429 (4th Cir. 2018) (citations omitted), cert. denied, 139 S. Ct. 1318 (2019).[5]

### III. ANALYSIS

Here, Brunson challenges the legality of his sentence. Brunson fails to satisfy the second prong set forth in United States v. Wheeler, 886 F.3d 415, 429 (4th Cir. 2018). Specifically, Brunson fails to demonstrate that the "settled substantive law changed and was deemed to apply retroactively on collateral review." Id. Brunson suggests that Mathis v. United States, 136 S. Ct. 2243 (2016), entitles him to relief on his sentence because his prior Virginia state drug offenses used to designate him as a career offender are now invalid.[6] He is

---

[5] Until Wheeler, a petitioner was required to satisfy the following test and was unable to challenge his sentence:

> [Section] 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner <u>was convicted is deemed not to be criminal</u>; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000) (emphasis added).

[6] In Mathis, the Supreme Court held that a state burglary conviction from Iowa could not serve as a predicate conviction for purposes of the Armed Career Criminal Act sentencing enhancement, pursuant to 18 U.S.C. § 924(e), because it covered a "greater swath of conduct" than generic burglary. 136 S. Ct. 2250-51.

7

incorrect. As the Fourth Circuit has explained with respect to Mathis and Descamps v. United States, 570 U.S. 254 (2013):

> Descamps and Mathis did not announce a retroactively applicable substantive change in the law. Rather, these cases reiterated and clarified the application of the categorical approach or modified categorical approach, to determine whether prior convictions qualify as predicates for recidivist enhancements. See Mathis, 136 S. Ct. at 2257 ("Our precedents make this a straightforward case."); Descamps, 570 U.S. at 260 (noting that Court's prior case law explaining categorical approach "all but resolves this case"); United States v. Royal, 731 F.3d 333, 340 (4th Cir. 2013) ("In Descamps, the Supreme Court recently clarified whe[n] courts may apply the modified categorical approach.").

Brooks v. Bragg, 735 F. App'x 108, 109 (4th Cir. 2018) (parallel citations omitted); accord Copeland v. Kassell, 733 F. App'x 717, 717 (4th Cir. 2018) (explaining that petitioner "fails to satisfy the test in Wheeler, because Mathis has not been deemed to apply retroactively to cases on collateral review" (citing Dimmott v. United States, 881 F.3d 232, 234 (1st Cir. 2018))); Smalls v. Warden FMC Butner, No. 5:17-HC-2117-FL, 2019 WL 722571, at *3 (E.D.N.C. Feb. 20, 2019). "Because [Brunson's] § 2241 Petition does not rely on a retroactively applicable change in the substantive law subsequent to his direct appeal and his first § 2255 motion, he cannot satisfy the requirement of Wheeler." Brooks, 735 F. App'x at 109.[7]

---

[7] Brunson cites several cases that he contends support his basic argument that he no longer qualifies as a career offender. Two are worthy of discussion here, but neither provides Brunson with a means to satisfy the second prong of Wheeler. Brunson cites United States v. Gardner, 534 F. Supp. 2d 655 (W.D. Va. 2008),

8

In sum, Brunson fails to demonstrate that he may proceed by § 2241.

### IV. BRUNSON'S REQUEST FOR AN EVIDENTIARY HEARING

In Brunson's § 2241 Petition, he requests, inter alia, that the Court "grant an evidentiary hearing." (§ 2241 Pet. 2.) As set forth above, the Court concludes that dismissal without prejudice of Brunson's claims for want of jurisdiction is

---

(see § 2241 Pet. 13), a case in which the court determined that the defendant's prior Virginia state conviction for possession with intent to distribute an imitation controlled substance under Va. Code Ann. § 18.2-248 did not constitute a "felony drug offense" for purposes of determining eligibility for an enhanced sentence under 21 U.S.C. § 841(b)(1)(A). Gardner, 534 F. Supp. 2d at 657, 659. However, Gardner is inapposite to Brunson's case. As an initial matter, Gardner was a decision regarding the defendant's sentence by the sentencing court regarding eligibility for an enhanced sentence under 21 U.S.C. § 841(b)(1)(A), rather than a decision addressing a challenge to an ACCA sentencing enhancement in a § 2241 petition. Furthermore, in Gardner, the defendant had a prior Virginia state conviction for possession with intent to distribute an imitation controlled substance. Brunson fails to demonstrate how Gardner would apply to his prior Virginia state convictions for distribution of cocaine and possession of cocaine with intent to distribute.
    Brunson also cites Lester v. Flournoy, 909 F.3d 708 (4th Cir. 2018), (ECF No. 8, at 1-4), a case in which the Fourth Circuit concluded that a misclassification as a career offender can be a fundamental defect if the sentencing occurred pre-United States v. Booker, 543 U.S. 220, 245 (2005), when the Sentencing Guidelines were mandatory. Lester, 909 F.3d at 715. Lester is also inapposite to Brunson's case. Here, Brunson was sentenced in 2013 when the guidelines were advisory, not mandatory. Further, unlike in Brunson's case, Lester's career offender designation was later found to be improper because the substantive law changed and was applied retroactively. Id. at 712. Thus, Lester satisfied the first three prongs of Wheeler. Id. Here, Brunson still fails to satisfy the second prong because he is unable to demonstrate that the "settled substantive law changed and was deemed to apply retroactively on collateral review." Wheeler, 886 F.3d at 429. Thus, Lester affords Brunson no relief.

warranted, and no need exists to conduct an evidentiary hearing. Accordingly, Brunson's request for an evidentiary hearing will be denied.

## V. CONCLUSION

For the foregoing reasons, Brunson's request for an evidentiary hearing (§ 2241 Pet. 2) will be denied. Brunson's § 2241 Petition (ECF No. 1) will be dismissed without prejudice for lack of jurisdiction.

The Clerk is directed to send a copy of this Memorandum Opinion to Brunson and counsel for Respondent.

/s/ REP
Robert E. Payne
Senior United States District Judge

Date: January 22, 2020
Richmond, Virginia